IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANNY RENE SMITH | § | |
| v. | § | CIVIL ACTION NO. 6:07cv424 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Danny Rene Smith, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of a 1983 conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith says that he was convicted of the offense of "theft of services over $1,000.00" in Dallas County in 1983, for which he received a sentence of 10 years in prison. He contends that the offense of "theft of services over $1,000.00" did not exist at that time, and so the conviction is void. Smith concedes that he has discharged this conviction, but says that he is now serving a 45-year sentence from Wood County for involuntary manslaughter, which was enhanced by the theft of services conviction which he challenges in this petition.

After review of the petition, the Magistrate Judge issued a Report on October 12, 2007, recommending that Smith's request for habeas corpus relief be denied. The Magistrate Judge stated that under Supreme Court precedent, a habeas petitioner satisfies the "in custody" requirement for purposes of challenging an expired conviction when that challenge may be read as a challenge to the sentence which was enhanced by the expired conviction. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). The Supreme Court went on to explain that once a state

1

conviction is no longer open to direct or collateral attack in its own right, because the defendant did not pursue those remedies while they were available or did so unsuccessfully, the conviction is regarded as presumptively valid, and if it is later used to enhance a criminal sentence, it cannot be challenged under Section 2254 on the ground that it was unconstitutionally obtained. Coss, 532 U.S. at 403-04.

However, the Magistrate Judge noted, the Supreme Court did recognize an exception to this rule, such exception being where the prior conviction was obtained after a failure to appoint counsel, as mandated by Gideon v. Wainwright, 372 U.S. 335 (1963). The Court went on to state in dicta that there was another possible exception to the rule, which was where the defendant obtained compelling evidence, which he could not have uncovered in a timely manner, showing that he was actually innocent of the crime.

In the present case, the Magistrate Judge said, Smith is no longer serving the Dallas County sentence, and so this sentence is "presumptively valid." Smith has not shown that he was denied appointed counsel in the Dallas County conviction, nor that he has new evidence, which he could not have uncovered in a timely manner, showing that he was actually innocent of the crime. The Magistrate Judge therefore concluded that Smith had shown no basis for attacking the Dallas County conviction, either on its own or through an attack on the Wood County conviction, and recommended that Smith's habeas corpus petition be dismissed.

Smith filed objections to the Magistrate Judge's Report on October 24, 2007. In his objections, Smith reiterates that he was convicted of an offense which did not exist and says that the Dallas County conviction was used to enhance his Wood County conviction up to a first degree felony, for which he received 45 years in prison. He says that involuntary manslaughter is a third-degree felony, but his prior theft conviction and one other conviction were used for enhancement purposes in his present case, raising it to a first-degree felony.

However, Smith does not address the fact that his prior conviction is presumptively valid, nor does he show that this conviction was brought about through the failure to appoint counsel

to represent him.  Nor does he show that he has uncovered evidence that he is actually innocent of the crime and that he could not have uncovered this evidence in a timely manner.  Although Smith argues that the statute under which he was convicted did not exist at that time, he offers nothing to show that he could not have discovered this in a timely manner.  The Magistrate Judge correctly determined that Smith could not challenge his Dallas County conviction, either on its own or through a challenge to his Wood County conviction, and Smith's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Danny Smith is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 30th day of October, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE